DEWEY BALLANTINE LLP
Jeffrey L Kessler (JK 7891)
David G. Feher (DF 4867)
Jeffrey S. Rugg
Eric Aschkenasy
1301 Avenue of the Americas
New York, New York 10019-6092
Tel: (212) 259-8000

NATIONAL BASKETBALL PLAYERS ASSOCIATION
Ronald Klempner
Hal Biagas
Two Penn Plaza, Suite 2430
New York, New York 10121

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

NATIONAL BASKETBALL ASSOCIATION,

        Plaintiff,

  -against-

NATIONAL BASKETBALL PLAYERS ASSOCIATION,
RON ARTEST, STEPHEN JACKSON, ANTHONY
JOHNSON, and JERMAINE O'NEAL,

        Defendants.

------------------------------------------------x

Case No.:
04 CV 09528 (GBD)

**ANSWER AND
COUNTERCLAIM**

    Defendants National Basketball Players Association ("NBPA"), Ron Artest, Stephen Jackson, Anthony Johnson, and Jermaine O'Neal (hereinafter collectively, "Defendants"), by their undersigned attorneys, hereby answer the claims (the "claims") contained in the complaint of Plaintiff National Basketball Association ("NBA") dated December 3, 2004 (the "Complaint") and assert the following affirmative defense and counterclaim:

NY1 901778V2

Dockets.Justia.com

## Nature of Action

1. Deny the allegations in Paragraph 1, except admit that a Collective Bargaining Agreement ("CBA") exists between the NBA and the NBPA which includes an agreement to arbitrate.

2. Deny the allegations in Paragraph 2, except admit that (a) on November 21, 2004, NBA Commissioner David Stern imposed suspensions on Defendants Artest, Jackson, Johnson and O'Neal; (b) on November 22, 2004 the NBPA filed a grievance before the Grievance Arbitrator challenging those suspensions (the "Arbitration"); and (c) on November 23, 2004 the NBPA sought an expedited hearing of the Arbitration. The NBPA specifically objects to the characterization, throughout the Complaint, of the Arbitration as "Purported."

3. Deny the allegations in Paragraph 3, and aver that the text of Article XXXI, Section 5(b) of the CBA speaks for itself.

4. Deny the allegations in Paragraph 4.

5. Admit the allegations in Paragraph 5, except deny that the NBA has any "entitlement" to de novo review of the Grievance Arbitrator's consideration of the Arbitration.

6. Admit the allegations in Paragraph 6, except object to the NBA's characterization in the last sentence thereof of the Grievance Arbitrator's intent.

7. The allegations of the first sentence of Paragraph 7 are conclusions of law to which no response is required. To the extent that any further response may be required, the allegations are denied. Admit the allegations of the second sentence thereof, except aver that the NBA's request for an injunction is moot as the arbitration hearing took place on December 9, 2004 and the Grievance Arbitrator issued his opinion and award on December 21, 2004.

### Jurisdiction And Venue

8. Admit the allegations in Paragraph 8.

9. Admit the allegations in Paragraph 9.

10. Admit the allegations in Paragraph 10.

### The Parties

11. Deny the allegations in the first two sentences of Paragraph 11. Admit the allegations in the third and fourth sentences thereof.

12. Admit the allegations in Paragraph 12.

13. Admit the allegations in Paragraph 13, except aver that the allegation as to Mr. Artest's residence is a conclusion of law to which no response is required.

14. Admit the allegations in Paragraph 14, except aver that the allegation as to Mr. Jackson's residence is a conclusion of law to which no response is required.

15. Admit the allegations in Paragraph 15, except aver that the allegation as to Mr. Johnson's residence is a conclusion of law to which no response is required.

16. Admit the allegations in Paragraph 16, except aver that the allegation as to Mr. O'Neal's residence is a conclusion of law to which no response is required.

### The NBA/NBPA Relationship

17. Admit the allegations in Paragraph 17.

18. The allegations in Paragraph 18 are conclusions of law to which no response is required. To the extent that any further response may be required, the allegations are denied.

19. Admit the allegations in Paragraph 19.

## The NBA's Regulation of Player Conduct

20. The allegations in Paragraph 20 are conclusions of law to which no response is required. To the extent that any further response may be required, the allegations are denied.

21. The allegations in Paragraph 21 are conclusions of law to which no response is required. To the extent that any further response may be required, the allegations are denied.

22. Admit the allegations in Paragraph 22.

23. Admit the allegations in Paragraph 23, except deny information or belief as to whether "all" NBA players have been so advised.

## The Jurisdiction of the Grievance Arbitrator

24. Admit the allegations of the first sentence in Paragraph 24. Deny the allegations of the second sentence thereof.

25. Deny the allegations of the first and second sentences in Paragraph 25. Admit the allegations of the third sentence thereof, except note that the third line of the quoted text has a typographical error.

26. Deny the allegations in Paragraph 26, except aver that the text of Article XXXI, Section 8 of the CBA speaks for itself.

27. Deny the allegations of Paragraph 27.

## The Detroit Incident

28. Admit the allegations of the first and fourth sentences in Paragraph 28. Deny the allegations of the second and third sentences thereof.

29. Deny the allegations in Paragraph 29.

30. Deny the allegations in Paragraph 30.

31. Deny the allegations in Paragraph 31.

32. Deny the allegations in Paragraph 32.

33. Admit the allegations in Paragraph 33, except deny information or belief as to the contents of the NBA's purported investigation.

34. Deny the allegations in Paragraph 34.

35. Admit the allegations in Paragraph 35.

36. Admit the allegations of the first sentence in Paragraph 36. The allegations of the second sentence in Paragraph 36 are conclusions of law to which no response is required. To the extent that any further response may be required, the allegations are denied.

37. Deny the allegations in Paragraph 37.

### First Claim By NBA For Relief

38. Defendants incorporate by reference their answers to Paragraphs 1 through 37 as if fully set forth herein.

39. Deny the allegations in Paragraph 39.

40. Deny the allegations in Paragraph 40.

41. Deny the allegations in Paragraph 41.

### Second Claim By NBA For Relief

42. Defendants incorporate by reference their answers to Paragraphs 1 through 41 as if fully set forth herein.

43. Deny the allegations in Paragraph 43.

44. Deny the allegations in Paragraph 44.

45. Deny the allegations in Paragraph 45.

46. Deny the allegations in Paragraph 46.

## First Affirmative Defense

47. Plaintiff's Complaint fails, in whole or in part, to state claims upon which relief can be granted.

## COUNTERCLAIM

### Background And Claim For Relief

48. The NBPA and the NBA are parties to a collective bargaining agreement ("CBA") with a term that extends to June 30, 2005.

49. Pursuant to Article XXXI (Grievance and Arbitration Procedure) of the CBA, Roger Kaplan was appointed by the parties as Grievance Arbitrator. On September 1, 2004, his term as Grievance Arbitrator was terminated by the NBA. The parties, however, have not chosen a successor; therefore, pursuant to the CBA, Roger Kaplan remains Grievance Arbitrator.

50. On November 22, 2004, the NBPA commenced a grievance (the "Arbitration") on behalf of Ron Artest, Stephen Jackson, Anthony Johnson and Jermaine O'Neal pursuant to Article XXXI of the CBA challenging the suspensions NBA Commissioner David Stern imposed on these players concerning the incident at the Auburn Hills Palace on November 19, 2004.

51. On November 23, 2004, the NBPA sent a letter to the Grievance Arbitrator requesting expedited treatment of the Arbitration pursuant to Article XXXI, Section 3(b) of the CBA.

52. In a letter dated November 26, 2004, Jeffrey Mishkin, on behalf of the NBA, sent a letter to the Grievance Arbitrator objecting to the Grievance Arbitrator's jurisdiction

6

over the Arbitration and declining to participate in any proceeding before the Grievance Arbitrator "concerning either the merits of this dispute or the question of [the Grievance Arbitrator's] authority to determine jurisdiction."

53. On November 30, 2004, the NBPA presented the Grievance Arbitrator with a letter responding to the NBA's November 26, 2004 letter. This letter detailed the Grievance Arbitrator's jurisdiction to consider his own jurisdiction over the Arbitration. The letter attached eleven exhibits.

54. On December 3, 2004, the Grievance Arbitrator issued a Decision finding that, based on the CBA, the arbitral history of the parties, and case law regarding the CBA, the Grievance Arbitrator has authority to decide the arbitrability of the issue raised in the Arbitration and, if arbitrable, determine the merits of the Arbitration. The Grievance Arbitrator then scheduled a hearing on December 8, 2004 to consider both the arbitrability of the Arbitration and the merits. In a conference call with the parties later that day the hearing was rescheduled for December 9, 2004.

55. On December 3, 2004, the NBA filed its Complaint in the above styled cause.

56. On December 5, 2004, in a letter to the Court, the NBA stated that it would not seek a stay of the Arbitration proceedings scheduled before the Grievance Arbitrator.

57. On December 6, 2004, the NBA sent a letter to the Grievance Arbitrator stating that the NBA would not appear before the Grievance Arbitrator at the hearing and that the NBA would not participate in the Grievance Arbitrator's consideration of his jurisdiction or the merits of the Arbitration.

58. On December 7, 2004, the Grievance Arbitrator determined that he would go forward with the hearing on December 9, 2004. The Grievance Arbitrator suggested that all parties, including the NBA, participate in the hearing.

59. On December 8, 2004, the NBA sent a letter to the Grievance Arbitrator stating once again that it would not participate in the hearing.

60. The Grievance Arbitrator conducted the hearing of the Arbitration on December 9, 2004, covering eight hours. The NBA declined to participate. The Grievance Arbitrator first heard argument concerning the arbitrability of the Arbitration, and then heard argument and testimony regarding the merits of the Grievance. The NBPA presented six witnesses and entered 52 items of evidence. The NBPA also presented the Grievance Arbitrator with a Pre-Hearing Brief.

61. On December 14, 2004 the Grievants presented the Grievance Arbitrator with a Post-Hearing Brief, and an additional four documents for the Grievance Arbitrator to enter into evidence (which occurred, for a total of 56 documents entered into evidence in the Arbitration).

62. The NBA has been presented with numerous opportunities to participate in the Grievance and to present testimony, evidence and argument to the Grievance Arbitrator. In addition, the NBA has been provided with Grievants' Pre and Post-Hearing briefs, a copy of all exhibits in the Arbitration, and a copy of the transcript of the December 9, 2004 hearing.

63. On December 21, 2004, the Grievance Arbitrator issued an Opinion and Award ("Award") finding that he has jurisdiction to consider the merits of the Grievance and that the NBA lacked just cause to impose the disciplinary suspension of Defendant O'Neal. The

Grievance Arbitrator reduced the suspension of Mr. O'Neal from 25 to 15 games. The 15th game has passed as of the date of the filing of this answer.

64. The NBA has advised the Defendants that the NBA will not comply with the Award.

65. This non-compliance is causing irreparable harm to Mr. O'Neal and the NBPA. Mr. O'Neal's career is adversely affected by each game he misses as a result of the NBA's conduct.

66. The NBPA and Mr. O'Neal are entitled to confirmation of the Award and entry of judgment in conformity with the Award.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request that the Court issue an order (i) confirming the Award, (ii) entering a preliminary and a permanent injunction against the NBA requiring it to end the suspension of Mr. O'Neal as of fifteen games, (iii) awarding Mr. O'Neal back pay for any games which he may wrongly miss as a result the NBA's non-compliance with the Award, (iv) awarding Defendants their attorneys' fees and costs in bringing this claim, (v) dismissing the NBA's Complaint in this action, and (vi) providing such other relief as it may deem just and proper.

Dated:      New York, New York
            December 23, 2004

_/s/ Jeffrey L. Kessler_
Jeffrey L. Kessler (JK 7891)
David G. Feher  (DF 4867)
Jeffrey S. Rugg
Eric Aschkenasy
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, New York 10019-6092
(212) 259-8000

Ronald Klempner, Esq.
Hal Biagas, Esq.
NATIONAL BASKETBALL PLAYERS
    ASSOCIATION
Two Penn Plaza, Suite 2430
New York, New York  10121

Attorneys for
Defendants/Counterclaimants
National Basketball Players Association,
Ron Artest, Stephen Jackson, Anthony
Johnson and Jermaine O'Neal.

10

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     SS.:
COUNTY OF NEW YORK   )

       JUDITH L. STRIGARO being duly sworn, says: I am not a party to the action, am over 18 years of age and reside in New York, New York.

       On the 23rd day of December, 2004, at 7:35 a.m. I served the attached ANSWER AND COUNTERCLAIM to the attorneys listed below at the address designated for service of papers, as follows:

Jeffrey A. Miskin, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, New York 10036-6522

                          JUDITH L. STRIGARO
                          Lic. No. 0770670

Sworn to before me this
23rd day of December, 2004

_____
NOTARY PUBLIC

ANNE O'CONNOR
NOTARY PUBLIC, State of New York
No. 01OC6042348
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires May 22, 20 06